Filed 10/10/13  P. v. Phillips CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055742 |
| v. | (Super.Ct.No. RIF1103810) |
| RAJAHD REON PHILLIPS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed in part; reversed in part with directions.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Rajahd Reon Phillips, guilty of (1) identity theft (Pen. Code, § 530.5);[1] (2) burglary (§ 459); (3) grand theft (§ 487, subd. (a)); and (4) fraudulent use of an account access card (§ 484g, subd. (a)).  The trial court found true the allegations that defendant suffered (1) two prior strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)), and (2) three prior convictions for which he served prison terms (§ 667.5, subd. (b)); however, the court dismissed one of defendant's prior strikes pursuant to a *Romero*[2] motion.  The trial court sentenced defendant to prison for a term of 10 years, 4 months.

Defendant raises three issues on appeal.  First, defendant asserts the trial court erred by sustaining the prosecutor's objection that defense counsel misstated the law when arguing to the jury about the meaning of "abiding conviction."  Second, defendant contends the trial court violated his right of due process by sustaining the prosecutor's objection to defense counsel's argument concerning the meaning of "abiding conviction."  Third, defendant contends the trial court erred by imposing a consecutive prison term for the grand theft conviction because the sentence should have been stayed pursuant to section 654.  We reverse defendant's sentence with directions, but otherwise affirm the judgment.

---

[1] All subsequent statutory citations will be to the Penal Code unless indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

## FACTUAL AND PROCEDURAL HISTORY

On January 2, 2011, at 3:47 p.m., defendant made a purchase at Tilly's clothing store in the Promenade Mall in Temecula. The purchase totaled $408.73. In making the purchase, defendant used a credit card that bore defendant's name, but the victim's debit card account number. The victim did not give defendant permission to use the victim's account.

At 4:32 p.m. on January 2, defendant made a $285.89 purchase at the Bath & Body Works store in the mall. Defendant again used a card bearing the victim's account number to make the purchase. At 4:49 p.m. on January 2, defendant used a card reflecting the victim's account number to make a $573.01 purchase at Victoria's Secret, which was also located in the mall.

In his defense, defendant presented the testimonies of his fiancée and cousin, who both stated defendant was in Los Angeles County on January 2, 2011.

At defendant's trial, the trial court instructed the jury on the reasonable doubt standard of proof. (CALCRIM No. 220.) The instruction explained, "Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true." (CALCRIM No. 220.) During defense counsel's closing argument, the following discussion took place:

Defense Counsel: "[P]roof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. [¶] What does 'abiding conviction' mean? 'Abiding conviction' means long-lasting. It means that if you go back there and after reviewing the evidence you deliberate and you decide to vote guilt[y], that this has

to be a decision that sticks with you and what you are sure of not just weeks, but months and years down the line.

"[Prosecutor:]  Objection.  Misstates the law.

"The Court:  Sustained.

"[Defense Counsel:]  Okay.  You can't go back and vote guilty and come back and ask me in a couple of days, 'Okay.  [Defense Counsel], did he really do it?' if you happen to run into me on the street.  'Was he really guilty?'  If there [are] questions with respect to whether or not you feel that there is evidence lacking or questions with respect to whether or not he is guilty, then that's reasonable doubt right there."

## DISCUSSION

### A.    ABIDING CONVICTION

Defendant contends the trial court erred by sustaining the prosecutor's objection to defense counsel's argument defining "abiding conviction," because the argument did not misstate the law.

Defendant's contention relates to an alleged misstatement of law.  Thus, we are presented with a legal question, which we review de novo.  (*People v. McDonald* (2013) 214 Cal.App.4th 1367, 1379.)

The words "abiding conviction" refer to both the duration of a juror's conviction as well as the strength, depth and certainty of the conviction.  (*People v. Stone* (2008) 160 Cal.App.4th 323, 334; *People v. Zepeda* (2008) 167 Cal.App.4th 25, 31-32.)  Defense counsel's closing argument misstated the law because only the duration aspect of "abiding conviction" was presented.  Counsel argued, "'Abiding conviction' means

4

long-lasting." This was an incorrect statement of the law because it was only a partial definition of the term—it omitted the rest of the portion of the definition concerning the weight or depth of feeling. The problem is analogous to an attorney arguing that burglary consists of entering a residence, but forgetting to mention the portion of the definition requiring an intent to commit a felony. (§ 459.) By presenting an incomplete definition, defense counsel misstated the law. Accordingly, we conclude the trial court did not err by sustaining the prosecutor's objection.

B.      DUE PROCESS

Defendant contends the trial court violated his right of due process by sustaining the objection to defense counsel's argument concerning the definition of "abiding conviction." Defendant asserts the trial court's ruling effectively lowered the prosecution's burden of proof because it "amounted to instructing the jury that a belief in guilt need not be strong or long-lasting to constitute an 'abiding conviction.'"

As set forth *ante*, defendant's trial counsel misstated the law by giving an incomplete definition of "abiding conviction." The trial court properly ruled on the objection to the misstatement of law. We cannot fault the trial court for correctly ruling on a properly raised objection. If defendant felt the jury was left with a misunderstanding of the duration aspect of the law due to the trial court's ruling, then defendant needed to request a curative instruction at the trial court. Any possible harm caused by the ruling on the objection could likely have been cured below if such an instruction were given to the jury. (*People v. McDowell* (2012) 54 Cal.4th 395, 440 [failure to request corrective action forfeits the issue for appeal].)

5

Nevertheless, we note there is nothing indicating the jury understood the ruling on the objection to be an instruction lowering the burden of proof. This is especially true given that defense counsel immediately continued discussing the topic of duration following the ruling on the objection. It is not reasonable to assume the jury would have thought an abiding conviction has no duration aspect since defense counsel quickly returned to discussing the duration aspect of the law. (*People v. Hernandez* (2003) 111 Cal.App.4th 582, 589 [a court considers whether there a reasonable likelihood the jury misunderstood the instruction].) In sum, we conclude the trial court did not lower the prosecutor's burden of proof.

C.     SECTION 654

Defendant contends the trial court erred by not staying his sentence for the grand theft (§ 487, subd. (a)) conviction because it involved the same act and objective as the conviction for identity theft (§ 530.5). (§ 654.)

Section 654, subdivision (a),  provides:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." We apply the substantial evidence standard of review. (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1338.)

In Count 3, defendant was charged with grand theft. Specifically, in Count 3 it was alleged defendant stole $1,023.14 from the victim. The identity theft statute provides: "Every person who willfully obtains personal identifying information . . . of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense . . . ." (§ 530.5, subd. (a).) "'[I]t is the use of the identifying information for an unlawful purpose that completes the crime [of identity theft] and each separate use constitutes a new crime.' [Citation.]" (*People v. Johnson* (2012) 209 Cal.App.4th 800, 817, italics omitted.)

It is unclear how defendant obtained the card with his name and the victim's account number. Thus, there is not substantial evidence that defendant used the victim's information to fraudulently obtain the credit card. For example, one could speculate defendant made the card himself since the magnetic strip on the card did not work. As a result, the evidence reflects defendant's first use of the victim's identifying information was when he used the card at Tilly's.

The Tilly's purchase is incorporated into the total grand theft amount of $1,023.14. In the information, the victim is the named victim for both the identity theft and grand theft convictions. Thus, the identity theft would likely have begun prior to defendant entering the mall and ended at the Tilly's purchase, while the grand theft began at the Tilly's purchase and ended after the Victoria's Secret transaction.

Because the crimes overlap, we must consider the law pertaining to a single course of conduct. The "act" described in section 654 "need not be an act in the

7

ordinary sense of a separate, identifiable, physical incident, but may instead be a 'course of conduct' or series of acts violating more than one statute and comprising an indivisible transaction punishable under more than one statute." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.) If the violations "shared common acts" the inquiry for the court is "whether the defendant's criminal intent and objective were single or multiple." (*Ibid.*)

The evidence in this case reflects a solitary intent to steal. There is nothing indicating a different motive. Defendant committed identity theft to obtain goods from the three stores, and he committed grand theft to take property from the three stores. Thus, we conclude there was a single intent and the course of conduct is not divisible. As a result, section 654 should have been applied to defendant's sentence.

As a result of staying the consecutive one year, four month sentence for Count 3, defendant's 10 year, 4 month sentence would be reduced to nine years. This stay "will result in a direct and calculable decrease" in defendant's sentence, since over one year will be removed from the prison term. (*People v. Burns* (1984) 158 Cal.App.3d 1178, 1183.) This reduction will "confer a windfall on defendant at the expense of the legitimate interests of the People in having an appropriate sentence pronounced." (*Ibid.*) In such cases, a remand for resentencing should be ordered to allow the trial court to reconsider its entire sentencing scheme, as long as the sentence on remand is no greater than the original term. (*Id.* at p. 1184; see also *People v. Delgado* (2010) 181 Cal.App.4th 839, 855.) Accordingly, we will remand the matter for resentencing with the directive that the sentence for Count 3 be stayed.

8

The People concede the two crimes overlap, but assert the identity theft was complete before the grand theft because the grand theft required the additional purchases from Victoria's Secret and Bath & Body Works in order to be complete. The People appear to be asserting defendant's crimes do not constitute a "course of conduct" because they were not completed at the same time. The People do not provide legal support for this assertion. Crimes do not need to be completed at the same time in order to constitute a course of conduct; sharing common acts is sufficient. (*People v. Retanan* (2007) 154 Cal.App.4th 1219, 1229.) In this case, the Tilly's transaction is the common act shared by both crimes. Thus, the crimes constitute a course of conduct.

The People assert the course of conduct is divisible because defendant's two crimes were separated in time, in that the three purchases took place over the span of one hour. The People's argument is problematic because the two crimes overlap at the Tilly's transaction. The Tilly's purchase is needed to make defendant's theft pass over the $950 grand theft requirement. Thus, the Tilly's transaction cannot be separated from either crime, which means the crimes are not temporally separated, they overlap one another.

Next, the People assert the victim was the victim of the identity theft, while the three stores were the victims of the grand theft. The People appear to be asserting the multiple victims exception to section 654. This argument is not persuasive because the multiple victims exception applies to crimes of violence. (*People v. Oates* (2004) 32 Cal.4th 1048, 1063.) There is nothing indicating violence was involved in defendant's two theft offenses. Accordingly, this exception is not applicable.

9

**DISPOSITION**

The judgment of conviction is affirmed.  The sentence is reversed.  The trial court is directed to resentence defendant, staying the sentence for Count 3 and not exceeding the 10 years, 4 months prison term that was originally imposed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

HOLLENHORST
Acting P. J.

McKINSTER
J.